**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIAN RIVERA-VILLA, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, FCI FT. DIX, <br><br> Respondent. | Civil Action No. 23-21573 (KMW) <br><br> **OPINION** |

**WILLIAMS**, District Judge:

    This matter comes before the Court on the habeas petition[1] filed by Petitioner Julian Rivera-Villa pursuant to 28 U.S.C. § 2241. (ECF Nos. 1-2). As Petitioner has paid the filing fee (*see* ECF Docket Sheet), this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed without prejudice for lack of exhaustion.

**I.   BACKGROUND**

    Petitioner is a convicted federal prisoner currently serving his sentence at FCI Fort Dix. (ECF No. 1 at 1.) In his habeas petition, Petitioner contends that he should be eligible to receive

---

[1] Petitioner filed two substantially similar habeas petitions containing identical claims. (ECF Nos. 1-2.) This Court will consider the two documents together as representing the entirety of Petitioner's habeas petition.

credits under the First Step Act, but he was previously denied eligibility solely on the basis of an immigration detainer against him. (*Id.* at 10-12; ECF No. 2 at 9-11.) Petitioner therefore requests that the Court order the BOP to consider him eligible to receive credits notwithstanding his detainer. (*Id.*) Petitioner, however, did not exhaust his claims before filing his habeas petition as his administrative grievance remains pending. (ECF No. 1 at 2; ECF No. 2 at 2-7.) Petitioner, however, believes he is exempt from exhausting his claims. (*See* ECF No. 1-1; ECF No. 2-1.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.  DISCUSSION

In his current petition, Petitioner argues that the BOP should be required to consider him eligible for First Step Act good time credits notwithstanding any detainers against him and award him with the credits to which he believes he is entitled. Petitioner argues that he has been

improperly denied credits solely because of an immigration detainer. Petitioner's argument, however, ignore that the Bureau of Prisons altered the relevant policy – Program Statement 5410.01 – such that prisoners with immigration detainers are now eligible to earn First Step Act credits and apply them towards early release on supervised release. *See* U.S. Dep't of Justice, *First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*, https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Aug. 2, 2023). Under the amended policy, as in the First Step Act itself, only those inmates with a final order of removal are rendered ineligible by their immigration status. If Petitioner is correct that his eligibility turns solely on the immigration detainer, then that erroneous determination can be directly corrected through prison grievance procedures in light of the changed policy. As the BOP is the administrative entity tasked with calculating the number and applicability of federal prison credits, they have the full ability and authority to correct factual or calculation errors and apply additional credits as needed. *Barksdale v. Sing Sing*, 645 F. App'x 107, 109-10 (3d Cir. 2016). The BOP thus has the ability, through prison grievance systems, to provide Petitioner with the relief he seeks, and if Petitioner is correct that he has been improperly denied credits solely based on a detainer, he can correct that issue through completing his prison administrative grievances.

       Petitioner's failure to pursue his administrative remedies prior to filing suit prevents him from litigating this issue before this Court. Habeas petitioners are generally required to exhaust all available administrative remedies prior to filing suit in federal court, and failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the

dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008).

Because Petitioner appears to be eligible for credits under the amended policy to the extent he is correct that he has been denied solely based on a detainer, and the BOP has the power and authority to correct improper calculations of credits and determinations of credit eligibility, exhaustion would not be futile in this case, and this Court perceives no basis for Petitioner to avoid the exhaustion process. Likewise, requiring exhaustion here will permit the development of a sufficient factual record as to the basis for Petitioner's denial of credits to the extent Petitioner's administrative remedies do not bear fruit. Because Petitioner has failed to show a basis for not applying the exhaustion requirement, as exhaustion would not be futile in this case, and as Petitioner can potentially secure the relief he seeks through administrative exhaustion, this matter must be dismissed without prejudice in light of Petitioner's failure to properly exhaust his administrative remedies prior to filing suit.

## IV.   CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF Nos. 1-2) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge